UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| NEW YORK ROAD RUNNERS, INC., | |
|---|---|
| Plaintiff, | Case No. 1:24-cv-01231 |
| -against- | (Gujarati, J.) <br> (Marutollo, M.J.) |
| NEW YORK CITY RUNS, INC., | |
| Defendant. | |

# **CONFIDENTIALITY ORDER**

It is hereby ordered that the following provisions shall govern claims of confidentiality in these proceedings:

**Non-Disclosure of Confidential Material**. With respect to "**Discovery Material**" (i.e., documents, information or materials of any kind produced or disclosed in the course of discovery in this action) that a person has designated as "**Confidential**" or "**Highly Confidential -For Attorneys' Eyes Only**" (collectively, "**Confidential Discovery Material**") pursuant to this Order, no person subject to this Order may disclose such Confidential Discovery Material to anyone else except as this Order expressly permits.

(a) **Confidential Material**. The Party or person producing or disclosing Discovery Material ("Producing Party") may designate as "**Confidential**" only the portion of such material that it reasonably and in good faith believes consists of non-public financial information, trade secrets, proprietary business information, competitively sensitive information, information of a personal or intimate nature regarding any individual, or other information the disclosure of which would, in the good faith judgment of the party designating the material as confidential, be detrimental to that party, the conduct of that party's business, or the business of any of that party's employees, customers or clients, or any other category of information the Court subsequently affords confidential status.

(b) **Persons Authorized to Receive Confidential Material**. Documents designated "**Confidential**" shall be shown only to (i) not more than three employees of the Parties who are responsible for managing the litigation on behalf of their employer; (ii) the Parties' insurers, and counsel to the Parties' insurers; (iii) outside counsel retained specifically for this action, including any paralegal, clerical, or other assistant that such outside counsel employs and assigns to this matter; (iv) outside vendors or service providers (such as copy-service providers and document-management consultants) that counsel hire and assign to this matter; (v) any mediator or arbitrator that the Parties engage in this matter or that this Court appoints, provided such person has first executed the Order, attached hereto as Exhibit A; (vi) the author, addressee, or any other person indicated on the face of a document as having received a copy of the document; (vii) any witness who is scheduled to testify at deposition or trial in this action, provided such person has first executed the

1

Order, attached hereto as Exhibit A; (viii) any person a Party retains to serve as an expert witness or who otherwise provides specialized advice to counsel in connection with this action, provided such person has first executed the Order, attached hereto as Exhibit A; (ix) stenographers engaged to transcribe depositions the Parties conduct in this action; and (x) this Court, including any appellate court, its support personnel, and court reporters. Other than personnel designated in paragraph (b)(x) and (b)(vi), each person who is permitted to see Confidential Material shall first be shown a copy of this Order and shall further be advised of the obligation to honor the confidential designation. The parties agree that any Confidential Discovery Material produced in this litigation may only be used in connection with this litigation.

(c) **Highly Confidential - For Attorneys' Eyes Only**. A Producing Party may designate as "**Highly Confidential - For Attorneys' Eyes Only**" only the portion of such material that it reasonably and in good faith believes consists of extremely sensitive, highly confidential, non-public information consisting of either trade secrets or proprietary or other highly confidential business, financial, regulatory, or strategic information, the disclosure of which, other than as limited to the persons designated in paragraph (d), would create a substantial risk of competitive or business injury to the Producing Party.

(d) **Persons Authorized to Receive Highly Confidential - For Attorneys' Eyes Only Material**. Any Discovery Material designated "**Highly Confidential - For Attorneys' Eyes Only**" may only be shared with or disclosed to the persons designated in paragraphs (b)(ii), (b)(iii), (b)(iv), (b)(v), (b)(vi), (b)(viii), (b)(ix) and (b)(x).

(e) Review of the confidential documents and information by counsel, experts, or consultants for the litigants in the litigation shall not waive the confidentiality of the documents or objections to production.

(f) **Designating Confidential Discovery Material**. An attorney for the producing party may designate documents or parts thereof as **Confidential Discovery Material** by stamping the word "**Confidential**" or "**Highly Confidential - For Attorneys' Eyes Only**" on each page.

If such information is provided in an answer to an interrogatory, the attorney may separately append the information to the main body of the interrogatory responses, mark such appendices "**Confidential**" or "**Highly Confidential - For Attorneys' Eyes Only**" and incorporate by reference the appended material into the responses.

At the time of a deposition or within 30 days after receipt of the deposition transcript, a party may designate as "**Confidential**" or "**Highly Confidential - For Attorneys' Eyes Only**" specific portions of the transcript which contain confidential matters under the standards set forth in paragraphs (a) or (c) above. This designation shall be in writing and served upon all counsel. No objection shall be interposed at a deposition that an answer would elicit confidential information; however, to the extent that there are persons present at a deposition who may not receive confidential information under paragraphs (b) or (d), such person shall be instructed to leave the deposition while confidential information is discussed. Transcripts will be treated as Highly Confidential – For Attorneys' Eyes Only for this 30-day period. Any portions of a transcript designated confidential shall thereafter

be treated as confidential in accordance with this Order. The confidential portion of the transcript and any exhibits referenced solely therein shall be bound in a separate volume and marked "**Confidential**" or "**Highly Confidential - For Attorneys' Eyes Only**" by the reporter.

(g) If any party believes that a document not described in the above paragraphs should nevertheless be considered confidential, that party may make application to the Court. Such an application shall only be granted for good cause shown.

(h) **Previously-Produced Discovery Material**. If, at any time prior to trial, a producing party realizes that some portion(s) of the discovery material that the party produced should be designated as "**Confidential**" or "**Highly Confidential - For Attorneys' Eyes Only**" the Producing Party may so designate by apprising all parties in writing, and providing that the material has not already been published or otherwise disclosed, such portion(s) shall thereafter be treated as "**Confidential**" or "**Highly Confidential - For Attorneys' Eyes Only**" under this Order.

(i) **Filing**. The parties shall comply with the Eastern District of New York's Steps for E-Filing Sealed Documents in Civil cases, if they wish to move to file a document under seal. In any application to the Court referred to or permitted by this Order, the Court may exercise discretion in determining whether the prevailing party in such a dispute may recover the costs incurred by it and, if so, the amount to be awarded.

(j) **Use at Trial**. Procedures governing the use of **Confidential Discovery Material** at trial, or any hearing or oral argument, if necessary, will be established by separate order, pursuant to application by one or more of the Parties to the Court, or sua sponte pursuant to the Court's own procedures, and may be addressed at the pre-trial, pre-hearing or pre-argument conference.

(k) **Inadvertent Disclosure**. The inadvertent, unintentional, or *in camera* disclosure of **Confidential Discovery Material** shall not generally be deemed a waiver, in whole or in part, of any party's claims of confidentiality or privilege. If a receiving party inadvertently discloses Protected Information to a person not permitted to have access to such information, the attorney for that party shall notify the attorney for the producing party as soon as possible, and take all reasonable steps to retrieve the Protected Information and limit further disclosure of such information.

(l) **No Waiver or Ruling**. Nothing contained in this Order will be construed as: (a) a waiver by a Party or person of its right to object to any discovery request; (b) a waiver of any privilege or protection; or (c) a ruling regarding the admissibility at trial of any document, testimony, or other evidence.

(m) **Disputes**. If a party believes that a document designated or sought to be designated as **Confidential Discovery Material** by the producing party does not warrant such designation, the party shall first make a good-faith effort to resolve such a dispute with opposing counsel. In the event that such a dispute cannot be resolved by the parties, either party may apply to the Court for a determination as to whether the designation is

appropriate. The burden rests on the party seeking confidentiality to demonstrate that such designation is proper.

(n) **Conclusion of Litigation.** Within a 60 days after the conclusion of the litigation, including the exhaustion of all appellate rights, all **Confidential Discovery Material** shall be returned to the respective producing parties or destroyed by the recipients and certify within writing that any **Confidential Discovery Material** has been destroyed.

(o) This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder.

| Attorney for Plaintiff | Attorney for Defendant |
|---|---|
| Name: Kimberly M. Maynard | Name: Richard H. Brown |
| Address: Frankfurt Kurnit Klein & Selz<br>28 Liberty St., 35th Fl.<br>New York, NY 10005 | Address: Day Pitney LLP<br>605 Third Avenue, 31st Fl.<br>New York, NY 10158-1803 |
| Telephone: (212) 980-0120 | Telephone: (212) 297 5854 |
| Email: kmaynard@fkks.com | Email: rbrown@daypitney.com |
| Signature: */s/ Kimberly Maynard* | Signature: */s/ Richard Brown* |

**SO ORDERED:**

Dated: Brooklyn, New York
April 25, 2024

*Joseph A. Marutollo*
**JOSEPH A. MARUTOLLO**
United States Magistrate Judge

4

# **EXHIBIT A**

       I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled:

*New York Road Runners, Inc. v. New York City Runs, Inc.*, No. 1:24-cv-01231

have been designated as confidential pursuant to the Confidentiality Order entered in this matter. I have reviewed the Confidentiality Order, and understand that any such documents or information labeled "Confidential" or "Highly Confidential -For Attorneys' Eyes Only" are confidential by Order of the Court. I hereby agree that I will not disclose any information contained in such documents to any other person other than as permitted by the Confidentiality Order. I further agree not to use any such information for any purpose other than this litigation.


Print Name: _____

Sign Name: _____

Dated: _____